```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ALFRED COTTON, ET AL.                         CIVIL ACTION

VERSUS                                        NUMBER: 13-6270

SCOTTSDALE INSURANCE COMPANY,                 SECTION "B" (2)
AND CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON
```

### ORDER AND REASONS

Before the Court is Defendant's, Certain Underwriters at Lloyd's of London ("Underwriters" or "Defendant"), Fed. R. Civ. P. 59(e) Motion to Reconsider this Court's judgment dismissing as moot Defendant's previous Motion to Dismiss for Lack of Standing.[1] Plaintiffs, Alfred Cotton, *et al.*, have filed an opposition.[2] The motion, set for submission on March 25, 2015, is before the Court on the pleadings, without oral argument.

For the following reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration[3], converted to a Motion for Relief from Order, is **DENIED**.

### DISCUSSION

This Court must first cure the procedural defects in

---

[1] Rec. Doc. No. 43.
[2] Rec. Doc. No. 63.
[3] Rec. Doc. No. 59.

1

Defendant's present motion. Federal Rule of Civil Procedure 59(e) is a vehicle through which a party may challenge a judgment, seeking its amendment or alteration.[4] The denial of a motion to dismiss, which Defendant challenges, is not an entry of judgment, and Rule 59(e) does not afford Defendant an opportunity for challenging it. *Alford v. Chevron U.S.A.*, 13 F.Supp.3d 581, 611 (E.D. La. 2014). Defendant's motion is properly considered under Rule 60(b), which provides relief from "court orders." *Alford*, 13 F.Supp.3d at 611 (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). The Court converts Defendant's motion to one seeking relief from an order and will accordingly consider it under Rule 60(b). *Broadway*, 193 F.3d at 989.

In its present motion, Defendant reasserts its original standing arguments against the Cottons, citing its Motion to Dismiss for a fuller discussion.[5] Defendant also claims that adding First American Bank and Trust ("First American"), the bank that insured its interest in the Cotton's property under a policy issued by Underwriters, fails to cure Plaintiffs' standing issues.[6]

Federal Rule of Civil Procedure 60(b) allows the Court to

---

[4] As the 1946 Amendment to Federal Rule of Civil Procedure 59, subdivision (e), explains, "the subdivision deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)."
[5] Rec. Doc. No. 59-1 at 3.
[6] Rec. Doc. No. 59-1 at 3-5.

relieve a party from an order or proceeding where there has occurred some "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).  The United States Court of Appeals for the Fifth Circuit has interpreted Rule 60(b) to allow for the alteration of court orders where a party meritoriously argues that the court has committed a mistake, be it administrative, factual, or legal. *Santa Fe Snyder Corp. V. Norton*, 385 F.3d 884, 887 (5th Cir. 2004); *Oliver v. Home Indem. Co.*, 470 F.2d 329, 330-31 (5th Cir. 1972).

Here, no such mistake has occurred.  This Court properly dismissed as moot Defendant's Motion to Dismiss for Lack of Standing, because  Plaintiffs' Second Amended Complaint cured any alleged standing defects.[7]  The Second Amended Complaint adds First American as a plaintiff while sufficiently differentiating between First American's flood claims against Underwriters[8] and the Cottons' windstorm claims against Scottsdale Insurance Company.[9]

Additionally, Defendant mistakenly asserts that "First American has made no effort to enroll itself as a plaintiff in this case."[10]  In the Second Amended Complaint, First American is listed

---

[7] Rec. Doc. No. 56.
[8] Rec. Doc. No. 55 at 8-12.
[9] Rec. Doc. No. 55 at 2-8.
[10] Rec. Doc. No. 59-1 at 5.
[11] Rec. Doc. No. 55 at 13. First American and its attorneys are also enrolled in this case in the Court's electronic "CM/ECF" system.

as a plaintiff, along with its legal counsel.[11]

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration, converted to a Motion for Relief from Order, is **DENIED** (Record Document Number 63). This order does not foreclose a future substantive motion in timely response to the Second Amended Complaint.

New Orleans, Louisiana, this 1st day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE